EVERIGHT UTILITIES CORPORATION, Judgment Creditor, Plaintiff, *v.* JENNIE LONSHEIN, Judgment Debtor, Defendant.

City Court of New York, Kings County, May 31, 1933.

*Joseph H. Reitman*, for the judgment creditor.

*Leo B. Lebovitz*, for the judgment debtor.

GEISMAR, J.   Under the new section 773-a of the Civil Practice Act, the judgment creditor subpœnaed the judgment debtor and examined.   The examination disclosed property not to be reached by execution.   Upon proper application a receiver was appointed who duly qualified.   This motion is now made to vacate the order appointing the receiver on the ground that no execution was ever issued or returned wholly or partly unsatisfied.   As far as the investigations of learned counsel are concerned as exhibited in their submitted memoranda on the law, the question seems to be novel. There can be no doubt as to its importance.   It is common learning that equitable remedies or such statutory remedies which in their origin are equitable cannot be pursued until legal remedies have been exhausted.   The movant places his main reliance upon this principle.   The language of the new statute seems to me very clear and wholly free from ambiguity.   The material portions thereof (Civ. Prac. Act, § 773-a) under consideration herein are as follows: " The attorney for the judgment creditor may at any time within two years from the recovery of such judgment, whether or not execution has or has not been issued thereon, issue a subpœna, directed to the judgment debtor requiring his appearance for examination concerning his property.   * * *   A judgment creditor who shall institute a proceeding under this section shall be entitled to the same rights and remedies which he would have had if such proceeding had been instituted by an order made under section seven hundred and seventy-eight of this article."   Our inquiry must be directed toward ascertaining the intent and scope of the general phrase, " the same rights and remedies."   (1) The power of the Legislature to enact this legislation is unquestionable.   (2) The first half of the above quotation from the new statute in and of itself already completely revolutionizes the law of proceedings supplementary both as to substance and procedure.   Hitherto these proceedings have not been available until after execution was issued and in most cases also returned.   For that very reason the proceedings were denominated with the significant title, " Proceedings Supplementary to Execution."   The issue of execution was a *sine qua non* and a jurisdictional condition precedent.   (Civ. Prac. Act, § 775.)   While there are a number of provisions in the general statute (Art. 45) which authorize the issue of process thereunder before the return

of the execution, there were none permitting the use of this remedy or any branch thereof anterior to the issue thereof. (§§ 773, 775, 779, 780, 785.) The ordinary working section of the article under which by far the greater number of orders issue is section 779 which requires as an absolute prerequisite that execution shall have been both issued and returned. It follows that in so far as the new section (773-a) authorizes this process before execution is issued, it reconstitutes and changes completely the whole law on the subject. Therefore, the jurisdictional fact precedent is no longer, as far as the subpœna is concerned, the fact of issue of execution, but the sole fact that the judgment is wholly or partly unsatisfied. The general intent of the Legislature seems then to me to be very clear. It is the intent to provide not merely the substitution of a subpœna for an order, but likewise to enable the use of a swiftly and directly administered new remedy for the collection of unsatisfied judgments, by means of which the judgment creditor may forthwith reach out for assets such as debts, claims, intangible property and choses in action not leviable under execution. The very name of the proceeding now becomes a misnomer. These are no longer " Proceedings Supplementary to Execution." They are now proceedings supplementary to judgment unsatisfied. (2) It follows that the second half of my quotation containing the general phrase " the same rights and remedies which he would have had if such proceedings had been instituted by order," even though it does not set forth specifically in detail what such rights and remedies are, is merely expansive, complementary and explanatory in carrying out in consistent fashion, the general scheme and intent of the new section. The remedies formerly available only by postponing the equitable to the legal, are now, by this radical departure, made coeval and contemporaneous. Whether legal or equitable, all remedies may be pursued simultaneously in order to enforce satisfaction of the judgment. (3) It follows that the receiver herein of the rents and profits was properly appointed. The motion to vacate the order of appointment is denied.